IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| JACKIE PHILLIP LESTER, #547400, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) NO. 1:24-cv-00088 |
| | ) |
| GILES COUNTY, et al., | ) JUDGE CAMPBELL |
| | ) |
| Defendants. | ) |

### MEMORANDUM OPINION AND ORDER

Pro se inmate Jackie Lester, while incarcerated at the Giles County Jail,[1] filed a civil rights complaint under 42 U.S.C. § 1983 (Doc. No. 1 ("the Complaint")) and an application for leave to proceed in forma pauperis (IFP). (Doc. No. 2.)

This case is before the Court for ruling on Plaintiff's IFP application and for initial review of the Complaint under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915A.

### I. PAUPER STATUS

Subject to certain statutory requirements, *see* 28 U.S.C. § 1915(a)(1)–(2), (g), a prisoner bringing a civil action may be permitted to proceed as a pauper, without prepaying the $405 filing fee. Because Plaintiff's IFP application complies with the applicable statutory requirements and demonstrates that he lacks the funds to pay the entire filing fee, his IFP application (Doc. No. 2) is **GRANTED**.

Nevertheless, prisoners bringing civil lawsuits or appeals are "required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). Where the prisoner proceeds IFP, the fee is $350

---

[1] Plaintiff subsequently notified the Court of his return to state custody. (Doc. No. 6.) He now resides at the Northeast Correctional Complex in Mountain City, Tennessee. (Doc. No. 8.)

instead of $405, *see id.* § 1914(a)–(b) & Dist. Ct. Misc. Fee Schedule, provision 14 (eff. Dec. 1, 2023), and may be paid in installments over time via an assessment against his inmate trust account. 28 U.S.C. § 1915(b)(1)–(2).

Accordingly, Plaintiff is **ASSESSED** a $350 filing fee. The fee will be collected in installments as described below.

The warden of the facility in which Plaintiff is currently housed, as custodian of his trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the Complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when the balance in his account exceeds $10. *Id.* § 1915(b)(2). Payments shall continue until the $350 filing fee has been paid in full to the Clerk of Court. *Id.* § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the warden of the facility in which Plaintiff is currently housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this Order follows Plaintiff to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

## II. INITIAL REVIEW

### A. Legal Standard

In cases filed by prisoners, the Court must conduct an initial screening and dismiss the

Complaint (or any portion thereof) if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c). Review under the same criteria is also authorized under 28 U.S.C. § 1915(e)(2) when the prisoner proceeds IFP.

To determine whether the Complaint states a claim upon which relief may be granted, the Court reviews for whether it alleges sufficient facts "to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). At this stage, "the Court assumes the truth of 'well-pleaded factual allegations' and 'reasonable inference[s]' therefrom," *Nat'l Rifle Ass'n of Am. v. Vullo*, 602 U.S. 175, 181 (2024) (quoting *Iqbal*, 556 U.S. at 678–79), but is "not required to accept legal conclusions or unwarranted factual inferences as true." *Inner City Contracting, LLC v. Charter Twp. of Northville, Michigan*, 87 F.4th 743, 749 (6th Cir. 2023) (citation omitted). The Court must afford the pro se Complaint a liberal construction, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), while viewing it in the light most favorable to Plaintiff. *Inner City*, *supra*.

Plaintiff filed the Complaint under Section 1983, which authorizes a federal action against any person who, "under color of state law, deprives [another] person of rights, privileges, or immunities secured by the Constitution or conferred by federal statute." *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012) (citations omitted); 42 U.S.C. § 1983. The Complaint must therefore plausibly allege (1) a deprivation of a constitutional or other federal right, and (2) that the deprivation was caused by a "state actor." *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014).

3

**B. Factual Allegations**

Plaintiff sues Giles County and its Sheriff, Kyle Helton, along with Tennessee State Trooper Morgan Beckman. (Doc. No. 1 at 2–3.) He claims that he was jailed on April 26, 2024, based on "evidence that does not point to any guilt on [his] part," with a cash bond that was set at the unreasonable amount of $207,000. (*Id.* at 4.)[2] The charge of arrest was driving on a revoked license. (*Id.*) After he had been arrested and transported to the Giles County Jail by Trooper Beckman, Plaintiff was informed that other charges had been filed against him based on evidence that had never been in his possession, but that had been provided by "someone else." (*Id.*) Plaintiff alleges that he learned at his preliminary hearing that "a citizen who has ties with one of the officers involved in this case gave some evidence to the officers hours after [Plaintiff] was in jail and they charged [him] with it." (*Id.* at 5.) Plaintiff claims that he was falsely arrested on these subsequent charges; he seeks relief "from an illegal arrest from these charges also from an unreasonable bond and from discriminatory treatment from these officers." (*Id.* at 5.)

**C. Analysis**

Plaintiff does not appear to challenge his arrest by Trooper Beckman for driving on a revoked license. His challenge is to his "continued confinement" with an unreasonably high bond amount based on additional charges filed after his arrest for driving on a revoked license. (Doc. No. 1 at 3–4.) There are nine such additional charges pending against Plaintiff in Giles County Circuit Court. *See* Giles County Online Court Records, https://giles.tncrtinfo.com/crCaseForm.aspx?id=8AA11BAC-F625-4B27-A843-12415DD06478&dsid=8cb4374d (last visited Sept. 16, 2025). These charges include drug crimes and gun possession crimes. The Court may, and does, take judicial notice of such "public records

---

[2] The Court notes that, in a supplement to the Complaint, Plaintiff states that he is "being held on a $107,000 bond." (Doc. No. 5 at 2.)

and government documents available from reliable sources on the Internet." *ARJN #3 v. Cooper*, 517 F. Supp. 3d 732, 747 (M.D. Tenn. 2021); *see also Lynch v. Leis*, 382 F.3d 642, 647 n.5 (6th Cir. 2004) (noting that judicial notice is properly taken of "court records [that] are available online to members of the public") (citation omitted); *Carter v. Lawrence*, No. 3:22-CV-00730, 2023 WL 2639270, at *1 & n.1 (M.D. Tenn. Mar. 23, 2023) (taking judicial notice of Davidson County Criminal Court's online database in the course of performing PLRA screening).

At the time the Complaint was filed, in September 2024, Plaintiff expressed his uncertainty whether he would "be in Giles County Jail much longer." (Doc. No. 1-1 at 1.) This is apparently because he had been serving a state sentence on parole at the time of his April 2024 arrest. *See* Tennessee Department of Correction Felony Offender Information Lookup, https://foil.app.tn.gov/foil/details.jsp (last visited Sept. 16, 2025) (stating that Plaintiff's sentence ends Feb. 21, 2026, and that his parole was revoked at a hearing on Oct. 22, 2024).[3] At some point between the revocation of parole and Plaintiff's December 10, 2024 filing of a notice that his address had changed to the state prison in Bledsoe County (Doc. No. 6), the anticipated transfer from the Giles County Jail occurred. Plaintiff was indicted on the Giles County charges after his return to state custody.[4] Especially in light of these indications that Plaintiff may have been detained in the Giles County Jail for violating the terms of his parole, the Court declines to construe his stray references to an "unreasonable bond" (Doc. No. 1 at 4, 5) as an Eighth Amendment claim of excessive bail, when the Complaint does not explicitly invoke that amendment or cause of

---

[3] Judicial notice is also taken of this information maintained in the State of Tennessee's online database.

[4] According to the Giles County online records cited above, Plaintiff's pending charges arising from his arrest by Trooper Beckman on April 26, 2024—including his charge of driving on a revoked license—were bound over to the grand jury and then filed in Circuit Court on February 12, 2025.

action, and even if it did, "a parolee has no constitutional right to release on bail before a parole revocation hearing." *Moss v. Pennsylvania*, 838 F. App'x 702, 707 (3d Cir. 2020) (citing *Luther v. Molina*, 627 F.2d 71, 76 n.10 (7th Cir. 1980)). Alternatively, even if the Complaint were construed to assert an Eighth Amendment claim, "simply asserting that [Plaintiff] was held on excessive bail is not sufficient to state a claim for violation of [his] right to be free from excessive bail." *Brown v. City of Franklin*, No. 3:16-cv-01342, 2016 WL 6948363, at *10 (M.D. Tenn. Nov. 28, 2016). In the absence of specific allegations as to "who set bail or how," or "why the amount of bail was . . . grossly disproportionate to the charged crimes," no colorable Eighth Amendment claim can be stated. *Id.* (citation and internal quotation marks omitted).

As to the grounds Plaintiff explicitly claims as justifying relief under Section 1983, they are enumerated as follows: "(1) Due Process (2) Equal Protection (3) False Arrest (4) Intentional Infliction of Emotional Distress (5) Malicious Prosecution (6) Abuse of Process (7) Abuse of Discretion." (Doc. No. 1 at 3.) Though labeled variously, the clear gravamen of the Complaint—based on its limited factual allegations—is Plaintiff's belief that he was detained under false pretenses and is currently being maliciously prosecuted in the Giles County case based on evidence first revealed to him at his preliminary hearing.

Plaintiff's assertion of false arrest/false imprisonment implicates the Fourth Amendment protection against unreasonable seizures. However, "when, at the time of his arrest . . ., [the plaintiff] is already in custody on other charges," no separate claim of false arrest or imprisonment will lie. *Freeman v. Troutt*, No. 3:10-CV-0697, 2012 WL 5439160, at *9 (M.D. Tenn. Nov. 7, 2012) (citing cases); *see Hart v. Gordon*, No. 14-CV-03097, 2024 WL 5047463, at *9 (E.D. Pa. Dec. 9, 2024) (finding that, because plaintiff was already in custody at the time of the alleged false arrest, he fails to state a § 1983 claim as a matter of law); *MPawinayo v. Rothwell*, No. 3:21-cv-

00915, 2022 WL 452471, at *7 (M.D. Tenn. Feb. 14, 2022) (finding that "Plaintiff fails to state a false imprisonment claim based on the charges brought against him in the Second or Third Cases," because he was already "incarcerated as a result of his First Case"). Plaintiff was already in custody on the charge of driving on a revoked license when he claims to have been falsely arrested and detained on other charges based on evidence he did not possess. Accordingly, under the authorities cited above, he fails to state a viable Fourth Amendment claim related to his arrest and initial detention.

Plaintiff's Fourth Amendment rights are also implicated by his assertion of malicious prosecution in the wake of his preliminary hearing, *see Sykes v. Anderson*, 625 F.3d 294, 308 (6th Cir. 2010), where it was revealed that evidence against him was provided by a person "who has ties with one of the officers involved in this case." (Doc. No. 1 at 5.) To plausibly claim malicious prosecution in violation of the Fourth Amendment, a plaintiff must allege facts meeting four elements: "(1) a criminal prosecution was initiated against the plaintiff and the defendant made, influenced, or participated in the decision to prosecute; (2) there was no probable cause for the criminal prosecution; (3) as a consequence of the legal proceeding, the plaintiff suffered a deprivation of liberty apart from the initial seizure; and (4) the criminal proceeding was resolved in the plaintiff's favor." *Johnson v. Moseley*, 790 F.3d 649, 654 (6th Cir. 2015) (quoting *Robertson v. Lucas,* 753 F.3d 606, 615 (6th Cir. 2014)). Because favorable termination of the criminal proceeding is an element of malicious prosecution, the claim does not accrue until the underlying prosecution ends. *Lillard v. City of Murfreesboro, Tenn.*, No. 3:07-cv-01036, 2009 WL 2047048, at *8 (M.D. Tenn. July 10, 2009) (citing, *e.g.*, *McCune v. City of Grand Rapids*, 842 F.2d 903, 905, 907 (6th Cir. 1988)). With Plaintiff's prosecution in Giles County ongoing, he cannot plausibly claim relief for malicious prosecution under Section 1983.

Plaintiff's remaining constitutional claims amount to no more than bare assertions of "Due Process" and "Equal Protection." (Doc. No. 1 at 3.) But the facts alleged in the Complaint do not support any colorable claim under the Fourteenth Amendment. These and the other claims Plaintiff states summarily ("Intentional Infliction of Emotional Distress," "Abuse of Process," and "Abuse of Discretion") are likewise due to be dismissed summarily. "A pleading that offers 'labels and conclusions' or . . . 'naked assertion[s]' devoid of 'further factual enhancement'" does not satisfy minimum federal pleading standards and cannot escape dismissal. *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)); *cf. Martin v. Warden, Belmont Corr. Inst.*, No. 2:21-CV-5102, 2022 WL 17975712, at *2 (S.D. Ohio Dec. 28, 2022) (finding, in habeas context, that: "It is not sufficient merely to put the label 'due process' or 'equal protection' on a claim. Instead, a petitioner must plead facts which actually set forth a claim of due process or equal protection denial."). Even construed in the light most favorable to Plaintiff, the Complaint's mere references to constitutional and other tort claims do not suffice to state any cause of action that should be allowed to proceed.

## IV. CONCLUSION

For the reasons discussed above, this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim upon which relief may be granted. The dismissal is without prejudice to the plaintiff's ability to pursue any state law claims in state court.

The Court **CERTIFIES** that any appeal from this dismissal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

This is the final order in this action. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1).

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR
CHIEF UNITED STATES DISTRICT JUDGE